38 F.3d 1219
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jacqueline Louise FOGEL, Defendant-Appellant.
 No. 93-10491.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 13, 1994.*
Decided Oct. 11, 1994.
 
 1
 Before: FARRIS and BEEZER, Circuit Judges, and McLAUGHLIN,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Jacqueline Louise Fogel appeals her jury conviction and sentence for conspiracy to import and distribute marijuana (21 U.S.C. Secs. 952(a), 846, 841(a)(1)), importation of marijuana (21 U.S.C. Sec. 952(a)), and possession of marijuana with intent to distribute (21 U.S.C. Sec. 841(a)(1)). She argues that the district court lacked jurisdiction because the grand jury indictment was not returned in open court. She also contends that the district court erred in determining relevant conduct for her involvement in the conspiracy.
 
 
 4
 The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We affirm.
 
 
 5
 * Fogel argues that the district court lacked jurisdiction because the grand jury indictment was not returned in open court. Her objections to the indictment raise questions of law, which we review de novo. United States v. Montilla, 870 F.2d 549, 551 (9th Cir.1989), amended, 907 F.2d 115 (9th Cir.1990).
 
 
 6
 The foreperson of the grand jury returned the indictment to a magistrate judge after the court had been cleared and closed to the public. Federal Rule of Criminal Procedure 6(f) states that "[t]he indictment shall be returned by the grand jury to a federal magistrate judge in open court." Fogel argues that the district court lacked jurisdiction because the failure to return the indictment in open court violated Rule 6(f), Eastern District Local Rule 302(b)(5), the grand jury provision of the Fifth Amendment, the Sixth Amendment's guarantee of a public trial, and the right of public access protected by the First Amendment. However, Fogel has waived her right to appellate review of any defects in the grand jury proceeding, since she failed to object in the district court to the manner in which the indictment was returned or to move for dismissal of the indictment.
 
 
 7
 Pursuant to Fed.R.Crim.P. 12(b)(2) and 12(f), defendants waive all but jurisdictional claims of error unless they raise their claims before trial or entry of a guilty plea. United States v. Smith, 866 F.2d 1092, 1098 (9th Cir.1989).[1] We have defined jurisdictional claims as constitutional claims "that challenge the right of the state to hale the defendant into court." Montilla, 870 F.2d at 552. In United States v. Lennick, 18 F.3d 814, 817-18 (9th Cir.1994), we held that noncompliance with Rule 6(f) did not necessarily deprive the district court of jurisdiction, but was subject to harmless error analysis. As in Lennick, the defendant does not challenge the indictment itself, but rather the manner in which it was returned. She does not argue that the grand jury was improperly influenced or that the indictment is otherwise unsound. Since defendant's claim is not jurisdictional, we conclude that she waived her claim of error in the return of the indictment.
 
 II
 
 8
 Fogel argues that the district court erred in determining relevant conduct for her involvement in the conspiracy pursuant to U.S.S.G. Sec. 1B1.3. We review the district court's application of the Guidelines de novo but its factual findings are reviewed for clear error. United States v. Bos, 917 F.2d 1178, 1180 (9th Cir.1990).
 
 
 9
 In March 1991, after a lengthy sentencing hearing, the district court sentenced Fogel to 120 months in custody. This term represented the mandatory minimum sentence in light of the quantity of marijuana involved in the conspiracy, more than 1,000 kilograms. We then ruled on several issues on appeal brought by Fogel and her co-defendants in this case in United States v. Conkins, 9 F.3d 1377 (9th Cir.1993). With respect to Fogel, we remanded for resentencing and instructed the district court to expressly determine by a preponderance of the evidence the extent of Fogel's agreement and the reasonable foreseeability by her of other shipments of marijuana made by her co-conspirators. We directed the district court to make appropriate written findings. Id. at 1387.
 
 
 10
 The district court heard arguments and considered written briefs at Fogel's resentencing, on July 12 and 26, 1993. The district court complied with our instructions and issued an order setting forth express, written findings on the issues remanded. In its order, the district court concluded that all of the smuggling trips involved in the conspiracy were reasonably foreseeable by Fogel and, therefore, constituted relevant conduct. Specifically, the district court pointed to the number of trips Fogel took, combined with her awareness of the scale of the operation at the time she participated, and that several persons were involved. The district court now has thoroughly considered Fogel's relevant conduct for two separate sentencings. We find no grounds to question the express, written findings of the district court and no merit to Fogel's contentions that the actions of the other co-conspirators were not reasonably foreseeable to her or that she withdrew from the conspiracy in December 1988.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 R. 12(b)(2) provides that "defenses and objections based on defects in the indictment or information" may only be raised prior to trial. R. 12(f) provides that "[f]ailure by a party to raise defenses or objections ... which must be made prior to trial ... shall constitute a waiver thereof."